IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY, | No. C 06-1960 WHA (PR) |
| Petitioner, | **ORDER GRANTING CERTIFICATE OF APPEALABILITY** |
| v. | |
| M. EVANS, Warden, and J. WOODFORD, Director, | |
| Respondents. | |

This is a habeas case filed pro se by a state prisoner. The petition was denied on the merits on April 11, 2008. Petitioner has filed a timely notice of appeal and a motion for a certificate of appealability.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

As grounds for federal habeas relief, petitioner contended that: (1) his due process and double jeopardy rights were violated when the Board used his conduct in prison as a basis to deny him parole; (2) his due process and free speech rights were violated when the Board would not allow him to question them; (3) there was not sufficient evidence to support the Board's finding that his offense was "egregious" and "cruel;" and (4) his equal protection and due process rights were violated by the Board's failure to follow statutes and regulations setting the term he should serve.

Three of these claims were clearly without merit, but the first one was based on the state parole statute which allows the Board to deny a parole date if "it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual . . . ." *See* Cal. Penal Code § 3041(b). That is, the statute appears to limit the evidence that the Board can consider in denying parole to the circumstances of the offence or evidence of prior offences, and petitioner's claim was that in his case the Board considered post-offense evidence and in doing so violated a due process right created by the statute. The Court's reasoning in rejecting this claim was, at heart, that the state courts have determined that the statute does not mean what it says and that the Board *can* consider post-offense conduct, so the predicate for petitioner's federal claim – a state-law violation – was not present. But petitioner's argument is an original one and one which reasonable jurists might find debatable. Therefore the motion for a certificate of appealability is **GRANTED** as to this issue. It is **DENIED** as to the other issues.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b).

**IT IS SO ORDERED.**

Dated: May   27  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\GAY960.COA.wpd

2